***E-FILED - 5/7/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HASSAN ABPIKAR, | ) | No. C 09-1196 RMW (PR) |
| Petitioner, | ) ) | ORDER OF DISMISSAL |
| vs. | ) ) ) | |
| SUPERIOR COURT OF SANTA CLARA COUNTY, et al., | ) ) ) | |
| Respondents. | ) ) | |

On March 19, 2009, petitioner, incarcerated at the Santa Clara County Jail and proceeding pro se, filed the above entitled petition for a writ of habeas corpus. He has paid the filing fee. For the reasons stated below, the court DISMISSES this case for failure to state a claim.

**DISCUSSION**

**A.      Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show

1 cause why the writ should not be granted, unless it appears from the application that the
2 applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

3 **B.     Petitioner's claims**

4     Petitioner appears to be challenging the denial of his state habeas corpus petition in the
5 Superior Court of Santa Clara County.  Notably, petitioner fails to allege a violation of any
6 specific federal constitutional right.  As a result, this court is unable to determine what
7 petitioner's underlying claim is or whether petitioner has exhausted such claim.  Regardless,
8 because it appears that petitioner is attempting to challenge the superior court's decision, the
9 proper course of action is to file a notice of appeal in the state court of appeals rather than a
10 federal habeas petition.

11     Further, petitioner has named as respondents the Superior Court of Santa Clara County,
12 the Honorable Eugene Hyman, the "District Attorney (Motions Unit)" and "Research (2-4A)
13 CJIC".  However, these are not proper respondents.  The proper respondent in a federal habeas
14 corpus petition is ordinarily the petitioner's immediate custodian.  Brittingham v. United States,
15 982 F.2d 378, 379 (9th Cir. 1992).  A custodian "is the person have a day-to-day control over the
16 prisoner.  That person is the only one who can produce 'the body' of the petition.'"  Id.  "This
17 person typically is the warden of the facility in which the petitioner is incarcerated."  Stanley v.
18 California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Failure to name petitioner's
19 custodian as a respondent deprives federal courts of personal jurisdiction.  Ortiz-Sandoval v.
20 Gomez, 81 F.3d 891, 896 (9th Cir. 1996).  Although a petitioner ordinarily should be given leave
21 to amend his petition to name the correct party as respondent, see id., because petitioner fails to
22 state a cognizable claim, leave to amend would be futile.

### CONCLUSION

24     Accordingly, the instant petition is dismissed for failure to state a cognizable claim.  The
25 clerk shall terminate all pending motions, enter judgment, and close the file.

26     IT IS SO ORDERED.
27 DATED:  __5/6/09_____          *Ronald M. Whyte*
                                                RONALD M. WHYTE
28                                                 United States District Judge